```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION
```

| | | |
|---|---|---|
| **HARRY MEYER KATZ,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | No. 4:07CV1454-DJS |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

<u>ORDER</u>

On March 15, 2005, following a six-day trial before this Court, a unanimous jury found movant Harry Meyer Katz guilty on Counts 1-6, 17-160, and 162-192 of the 192-count Superseding Indictment.[1] He was sentenced on June 30, 2005, to sixteen months imprisonment, two years of supervised release, a $75,000.00 fine, and a $17,600.00 special assessment. Movant filed a direct appeal, raising seven grounds of alleged error.[2] On May 9, 2006, the

---

[1]Movant, who at the time of the charged offenses was a registrant authorized to dispense controlled substances, was charged in the Superseding Indictment with 192 counts of violating 21 U.S.C. §841(a)(1), that is, six counts of attempting to dispense and 186 counts of dispensing a controlled substance outside the scope of professional practice and not for a legitimate purpose.

[2]Movant advanced the following arguments on direct appeal: (1) the Court erred in failing to grant his motion for judgment of acquittal or a new trial based on the sufficiency of the evidence; (2) the Court erred in admitting evidence relating to prescriptions not charged in the indictment; (3) the Court erred in admitting Rule 404(b) testimony; (4) the Court gave erroneous jury instructions; (5) the Court erred in allowing disputed portions of testimony from the government's expert to be submitted to the jury; (6) the government's rebuttal closing argument deprived him of a fair trial; and (7) the Court erred in failing to grant a mistrial following the inappropriate testimony of Chad Asher.

Eighth Circuit Court of Appeals denied movant's direct appeal. United States v. Katz, 445 F.3d 1023 (8th Cir. 2006). A petition for Writ of Certiorari was filed with the United States Supreme Court, and that petition was denied on October 10, 2006. Now before the Court is the motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 [Doc. #1].[3] Movant raises five grounds for relief.

**Habeas Grounds**

Movant raises the following five grounds for relief pursuant to §2255:

Ground 1: Movant alleges that trial counsel was ineffective during the pretrial and trial processes because he failed to move for dismissal of the indictment or a judgment of acquittal based on outrageous government conduct.

Ground 2: Movant alleges that trial counsel was ineffective during the trial process when he failed to investigate, interview, or present available expert witnesses and documentary

---

[3]Since the filing of his §2255 motion, movant's term of incarceration has expired. Although the government has not questioned this Court's jurisdiction to continue to entertain movant's motion, movant argues that his motion is not moot due to the collateral consequences of his conviction, namely, the loss of his ability to practice medicine. Doc. #11-2. The Court herein finds that it does have jurisdiction. See Carafas v. LaVallee, 391 U.S. 234, 237-38 (1968) ("In consequence of [movant's] conviction, he cannot engage in certain businesses; he cannot serve as an official of a labor union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror. Because of these disabilities or burdens which may flow from petitioner's conviction, he has a substantial stake in the judgment of conviction which survives the satisfaction of the sentence imposed on him. On account of these collateral consequences, the case is not moot." (internal quotations omitted)).

2

evidence to rebut and refute the testimony of the government's expert, Dr. Theodore Parran.

Ground 3: Movant alleges that trial counsel was ineffective during the trial process when he failed to call the attention of the jury or the Court to the absence of any evidence of movant's "intent" to violate the narcotics laws.

Ground 4: Movant alleges that trial counsel was ineffective due to the cumulative impact of multiple deficiencies or errors by trial counsel during the pretrial, trial, and direct appeal processes.

Ground 5: Movant alleges that he was denied due process of law in the trial process when he was convicted and sentenced because of his actual innocence.

**Discussion**

Movant's first three grounds for relief offered in his §2255 motion are specific claims of ineffective assistance of counsel, and Ground Four generally asserts an ineffective assistance of counsel claim due to the cumulative impact of the multiple deficiencies or errors by trial counsel. To prevail on a claim of ineffective assistance of counsel, movant must show that his counsel's performance was deficient as a matter of constitutional law and that movant was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). A constitutionally deficient performance is one that falls "outside

the wide range of professionally competent assistance." Id. at 690. A defendant is prejudiced by deficient performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that: (1) his trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence; and (2) the deficient performance prejudiced petitioner's defense.

> Under the first element, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy. Assuming that counsel's performance has been deficient, the second element of prejudice requires a reasonable probability that, but for a counsel's unprofessional errors, the result of the proceeding would have been different.

Toledo v. United States, 581 F.3d 678, 680 (8th Cir. 2009) (internal quotations omitted). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." United States v. Martinez-Salinas, 573 F.3d 595, 599 (8th Cir. 2009) (quotation omitted). Regarding the second element, when determining if prejudice exists, "the court must consider the totality of the evidence before the judge or jury." Williams v. United States, 452 F.3d 1009, 1013 (8th Cir. 2006) (quotation omitted). "If the defendant cannot prove prejudice, [a court] need not address whether counsel's performance

4

was deficient." DeRoo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). A movant faces a "heavy burden" to establish ineffective assistance of counsel in the context of a §2255 motion. United States v. Apfel, 97 F.3d 1074, 1077 (8th Cir. 1996).

In Ground One, movant contends that counsel was ineffective for failing to move for dismissal of the indictment or a judgment of acquittal based on outrageous government conduct. More specifically, movant states that evidence used to persuade the grand jury to indict movant included the false statement of Agent William Stockman (of the Drug Enforcement Agency), to Francis Corona (the investigator for the Missouri Board of Healing Arts), that "anyone could walk into Dr. Katz's office and get anything for $40 and there would be no request for medical information and there would be no examination because there was no examination table in his office." Movant argues this statement was patently false, because evidence of patients who were denied prescriptions unequivocally existed, and that such evidence demonstrated the falsity of Agent Stockman's statement. Doc. #1, p. 34.

The government responds to Ground One by arguing, among other points, that this alleged perjury is not perjury at all. Rather, the government argues that stating "anyone" could get "anything" amounted to an idiomatic expression which meant that there was so little adherence to acceptable medical practice that virtually anyone could get anything they wanted. The government acknowledges that some persons were denied controlled substances,

5

but argues that the evidence presented to the grand jury and the petit jury demonstrated that persons who were refused were so few and far between that the phrase had a ring of truth to it. Further, the government argues that the claim that Agent Stockman's grand jury testimony was false is largely irrelevant because the jury's guilty verdict obviates any claims of wrongdoing in the grand jury proceedings. See United States v. Adams, 401 F.3d 886, 900 (8th Cir. 2005) ("[E]ven if we were to assume there was prosecutorial misconduct during the grand jury proceedings, the petit jury's guilty verdict rendered those errors harmless." (quotation omitted)).

The Court finds the government's arguments persuasive. Specifically, the Court agrees that Agent Stockman's statement that "anyone" could get "anything" is not rendered false or properly cast as perjury because evidence that movant refused a few people controlled substances existed. Rather, the Court agrees with the government that Agent Stockman's statement utilized an idiomatic expression which communicated an accepted meaning of the words he employed. The Court therefore rejects the legal argument counsel failed to make, and, accordingly, the Court readily concludes that counsel's performance was not deficient for failing to assert such an argument.[4] Furthermore, the guilty verdict of the petit jury

---

[4]Movant also argues, in his reply brief, that had Agent Stockman's perjury to the grand jury been presented to the petit jury, doubt would have been cast on his trial testimony. However, as the Court above finds that Agent Stockman's statement utilized an idiomatic expression and

6

makes "any error in the grand jury proceeding connected with the charging decision 'harmless beyond a reasonable doubt.'" United States v. Dugan, 150 F.3d 865, 868 (8th Cir. 1998) (quoting United States v. Mechanik, 475 U.S. 66, 70 (1986)). The Court rejects Ground One as an avenue to the relief movant seeks.

In Ground Two, movant asserts that his trial counsel did not investigate, interview, or present available expert witnesses and documentary evidence to rebut and refute the testimony of the government's expert, Dr. Parran. Movant argues that extensive evidence existed to rebut and conclusively refute the testimony of Dr. Parran, and that his trial counsel should have but did not investigate this evidence, much less use it at trial. To support his claim of prejudice, movant has submitted the expert evidence of Ms. Carole Zikowski, Dr. Melissa Swallow, and Dr. Donald Beam.

The government responds to Ground Two by arguing that the evidence obtained from these expert witnesses only marginally refutes Dr. Parran's testimony, and therefore such evidence would not have impacted the outcome of the trial. Further, the government argues that there is no indication that the expert affidavits produced by movant would ever have withstood Dr. Parran's testimony, much less the prosecution's cross examination.

The government also outlines the expert-witness investigation trial counsel did undertake. This investigation

---

therefore he committed no perjury, movant's argument is unpersuasive.

included Dr. Richard Lewan, who, after reviewing the medical records from movant's practice, concluded that the sufficiency of the records, both as a general matter of record keeping and as a basis for prescribing controlled substances, was overwhelmingly negative to movant, and that Dr. Lewan's opinions tracked those of Dr. Parran's in most respects. Trial counsel's investigation also included Dr. Walker, who declined to testify because she was movant's treating physician. Trial counsel's investigation also included Dr. William Sunderwirth, who was ultimately deemed not to be a good witness because he was under investigation by the Missouri Board of Registration for the Healing Arts. Finally, submitted by the government is trial counsel's statement that he proposed to movant (and movant endorsed) the strategy of having movant serve as the expert, to attempt the juxtaposition of his status as a Missouri physician practicing alone in a small town with the big city professor imported from Ohio by the government.

The Court has reviewed the exhibits submitted with movant's §2255 motion and, considering the totality of the evidence, finds no showing of a reasonable probability that, but for trial counsel's alleged errors, the result of movant's trial would have been different. The Court is persuaded by the government's assertion that the evidence contained in the affidavits submitted by movant, at best, marginally refutes the government's expert. Indeed, the Court notes that much of what is contained in movant's submitted affidavits fails in any relevant

8

manner to controvert the testimony given by Dr. Parran on direct examination or on cross examination. Therefore, movant fails to show he was prejudiced by counsel's failure to procure such evidence. Because movant fails to show prejudice, the Court need not address whether trial counsel's performance in procuring expert testimony was deficient. See Apfel, 97 F.3d at 1076 ("Because the failure to establish prejudice can be dispositive of a case, we need not address the reasonableness of the attorney's behavior if the movant cannot prove prejudice." (internal citation omitted)). Nevertheless, the Court notes that, in view of counsel's reasonable investigation and the strategic decision in which movant himself joined, movant cannot persuasively base an ineffective assistance claim on trial counsel's failure to investigate or present another expert witness. In light of the fact that movant fails to establish prejudice, and also fails to make a showing of deficient performance by his trial counsel, Ground Two is found to be without merit.

Movant asserts in Ground Three that he was prejudiced by the objectively unreasonable performance of trial counsel when trial counsel failed to call the attention of the jury and the Court to the absence of any evidence of "intent" to violate the narcotics laws. Movant argues that the intent of movant to violate the narcotics laws was never established, and that trial counsel should have but did not object to the sufficiency of the evidence.

9

The government responds to Ground Three by stating that movant's contention that trial counsel failed to object to the sufficiency of the evidence that he possessed the requisite intent has already been argued, appealed, and denied. The government argues that despite movant's attempt to couch Ground Three in new terminology, in reality, trial counsel objected to the use of a "willful blindness" instruction and appealed this instruction all the way to the United States Supreme Court. The government argues that since trial counsel did oppose the "willful blindness" instruction, failure to argue intent cannot now serve as a basis for an ineffective assistance of counsel claim.

With regard to the issue of intent, the Court is persuaded that the "willful blindness" instruction allowed the jury to infer that (to the extent movant did lack actual knowledge) the evidence indicated that he closed his eyes to the numerous warnings which would have made him aware of the fact that there were no legitimate medical purposes for the prescriptions which were the bases of the counts of conviction. That is, the jury could find that movant was presented with facts that put him on notice that criminal activity was particularly likely and yet he intentionally failed to investigate those facts. The Eighth Circuit affirmed the use of the "willful blindness" instruction in this case. See Katz, 445 F.3d at 1031 ("A willful blindness instruction is appropriate when the defendant asserts a lack of guilty knowledge, but the evidence supports an inference of deliberate ignorance.... If, in

light of certain obvious facts, reasonable inferences support a finding that a defendant's failure to investigate is equivalent to burying one's head in the sand, the jury may consider willful blindness as a basis for knowledge.... [T]he district court did not abuse its discretion in instructing the jury on willful blindness." (internal quotations omitted)). Accordingly, the Court finds that the issue of movant's knowledge or intent, specifically the "willful blindness" instruction, has already been litigated and rejected by the Eighth Circuit. As movant's argument is predicated on a proposition that has been rejected by the Eighth Circuit,[5] the Court finds Ground Three to be without merit.

Movant asserts in Ground Four that he was prejudiced by the multiple deficiencies of trial counsel, and that, even in cases where there is no single error that would be sufficient to support a finding of prejudice, prejudice may result from the cumulative impact of such deficiencies. Movant argues that, through the deficiencies set forth in the "foregoing arguments" (that is, those deficiencies outlined in Grounds One, Two, and Three), counsel's

---

[5]The Court notes that movant, in his reply brief, argues that the basis for Ground Three is not a substantive claim of an improper jury instruction, but rather a claim of ineffective assistance of counsel predicated on trial counsel's failure to argue the absence of intent to violate narcotics laws. However, movant's argument is not well taken. Instructions 19 and 20 informed the jury that, as an element of the crimes charged, it must find that movant acted intentionally or knowingly. Instruction 17 informed the jury that it may find that movant acted knowingly (thereby satisfying the above mentioned element of Instructions 19 and 20) if he was willfully blind to the illegality of his activity. To now suggest that trial counsel failed to argue a lack of evidence of intent ignores or implicitly opposes the willful blindness instruction that stated the requisite knowledge could be inferred.

performance was below the objective standard required by the Constitution, and that movant was clearly prejudiced by the cumulative impact of these deficiencies.

To the extent movant relies on the deficiencies alleged in Grounds One, Two, and Three, since the Court above finds little or no prejudice, the Court is not persuaded that the cumulative effect of these alleged deficiencies resulted in prejudice sufficient to vacate movant's conviction. To the extent movant relies on deficiencies not specifically set forth in his §2255 motion, the Court finds that movant's lack of specificity and evidentiary support defeats this claim. Ground Four is therefore found to be without merit.

Finally, movant asserts in Ground Five that his conviction and sentence are violative of his Fifth Amendment constitutional right to due process of law because new evidence demonstrates his actual innocence. Movant states that he has presented new competent evidence (the evidence submitted to support the claim asserted in Ground Two) that he is actually innocent. Further, movant states that other evidence of his innocence exists, including the transcript testimony of Dr. James Campbell given in United Stated v. Hurwitz, and the plea agreement in United States v. The Purdue Frederick Company and a related CNN news article. Movant argues that the Court is therefore mandated to adjudicate movant's constitutional claim presented in this motion under the "ends of justice" or "actual innocence" exception to "procedural

bar." Doc. #1, p. 90. Movant also argues that he was denied due process of law when he was convicted and sentenced for crimes for which no "intent" exists. Doc. #1, p. 91.

The government responds to Ground Five by asserting that, in order for movant to maintain successfully a procedurally barred argument, he must show that his conviction was "probably" based on the violation of his due process rights. The government argues that movant's new expert witness affidavits are inconclusive and do not offer any new relevant evidence of his innocence. Further, the government argues that the question of movant's intent, possibly inferred by the jury through the willful blindness instruction, has already been thoroughly litigated by this court, the Eighth Circuit, and denied certiorari by the United States Supreme Court. Accordingly, the government asks this Court to deny movant the relief he seeks.

The actual innocence exception applies to claims of factual, not legal, innocence. <u>Anderson v. United States</u>, 25 F.3d 704, 707 (8th Cir. 1994). Furthermore, "[i]n order to pass through the actual innocence gateway...a petitioner must support his claim of innocence with reliable new evidence, whether exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." <u>Amrine v. Bowersox</u>, 128 F.3d 1222, 1228 (8th Cir. 1997) (citing <u>Schlup v. Delo</u>, 513 U.S. 298, 322-24 (1995)). The evidence now offered must be "new" in the sense that it was wrongly excluded at petitioner's

trial or only discoverable afterward.  See, e.g., Schlup, 513 U.S. at 315; Kuhlmann v. Wilson, 477 U.S. 436, 454-55 n.17 (1986) (plurality opinion); Battle v. Delo, 64 F.3d 347, 352 (8th Cir. 1995).

To the extent movant bases his argument on the newly offered expert testimony, the Court finds above that the expert affidavits and medical records offered by movant fail to controvert the testimony given by the government's expert in any relevant manner, and therefore do not constitute evidence of his innocence. Moreover, as stated above, the Court finds that the inference allowed by the jury through the "willful blindness" instruction has already been litigated by the Eighth Circuit and movant's argument has been rejected.  See Katz, 445 F.3d at 1031.  The Court therefore rejects movant's assertion claiming actual innocence.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Harry Meyer Katz to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 [Doc. #1] is denied.

Dated this ___7th__ day of December, 2009.

                                        /s/Donald J. Stohr
                                        UNITED STATES DISTRICT JUDGE